[No. 23612-1-I.   Division One.   August 6, 1990.]

MICHAEL D. SIDIS, *Appellant,* v. BRODIE/DOHRMANN, INC., ET AL, *Respondents.*

*Robert O. Dire* and *Platis, Dire & Bolin,* for appellant.

*Scott A. Smith* and *Short, Cressman & Burgess,* for respondents.

SWANSON, J.—Michael Sidis appeals from summary judgment orders dismissing his claims against Brodie/Dohrmann, Inc. (Brodie/Dohrmann), a Washington corporation, Spring, Ltd. (Spring), a Swiss corporation, and Cambridge Corporation, Inc. (Cambridge), an Illinois corporation. Sidis contends that the trial court erred in determining that the statute of limitations had expired on his claims against Spring and Cambridge; Sidis further contends that material factual issues exist regarding Brodie/Dohrmann's alleged negligence.

Appellant Sidis brought this action alleging that he was injured on April 19, 1984, when a small table–side, alcohol–burning stove that he was refueling exploded. At the time of the accident, Sidis was a cook at a Seattle restaurant.

The stove, known as a rechaud stove, was manufactured in Switzerland by Spring, distributed by Cambridge in Illinois, and sold by Brodie/Dohrmann, a restaurant and hotel supplier, to Sidis's employer in 1979. Sidis filed the instant action for personal injuries on July 28, 1986. The complaint named "Spring Company," "Cambridge Organization," and Brodie/Dohrmann as defendants; only Brodie/Dohrmann was served.

On March 11, 1987, Brodie/Dohrmann filed a third party complaint against Spring and Cambridge. Spring and Cambridge entered an appearance in response to the third party complaint without waiving objections to improper service. Sidis did not serve Cambridge and Spring until February 11, 1988.

On December 22, 1987, the trial court granted Brodie/Dohrmann's motion for summary judgment on all claims except negligence. On June 6, 1988, the trial court granted Brodie/Dohrmann's summary judgment motion on the issue of negligence. On December 8, 1988, the trial court granted Cambridge's and Spring's motion for summary judgment. From these orders, Sidis has appealed.

Sidis initially contends that the trial court erred in dismissing Cambridge and Spring because the 3–year statute of limitations had expired. Sidis maintains that proper commencement of the action as to Brodie/Dohrmann tolled the statute of limitations as to Cambridge and Spring, at least until Brodie/Dohrmann was dismissed. Since Cambridge and Spring were served before Brodie/Dohrmann was dismissed, Sidis reasons, the statute of limitations did not expire.

Sidis's argument is governed by RCW 4.16.170, which provides:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or

summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, *the plaintiff shall cause one or more of the defendants to be served personally,* or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

(Italics ours.) Sidis, relying on the emphasized passage, contends that by serving Brodie/Dohrmann, he served "one or more of the defendants" and thereby tolled the statute of limitations not only as to Brodie/Dohrmann, but as to Spring and Cambridge as well.

We begin with the proposition that the primary objective of statutory construction is to ascertain and give effect to the intent of the Legislature. *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 751, 675 P.2d 592 (1984), *cert. denied,* 471 U.S. 1015 (1985). When statutory language is plain and unambiguous, its meaning must be derived from the wording of the statute itself. *Human Rights Comm'n v. Cheney Sch. Dist. 30,* 97 Wn.2d 118, 121, 641 P.2d 163 (1982).

These general principles, however, must be viewed in light of equally important countervailing canons of statutory construction. A statutory provision should be interpreted "to avoid strained or absurd consequences that could result from a literal reading." *Christie–Lambert Van & Storage Co. v. McLeod,* 39 Wn. App. 298, 305, 693 P.2d 161 (1984). "[T]he spirit or the purpose of legislation should prevail over the express but inept language . . .". *Alderwood Water Dist. v. Pope & Talbot, Inc.,* 62 Wn.2d 319, 321, 382 P.2d 639 (1963). Even courts applying the plain meaning rule have noted the existence of a reasonable or rational basis underlying the statute. *See, e.g., Young v. Key Pharmaceuticals, Inc.,* 112 Wn.2d 216, 224, 770 P.2d 182 (1989) (construing RCW 4.16.190 to allow indefinite time span for permanently incompetent person to sue is not

absurd). Thus, we will not mechanically apply the literal meaning of words absent an arguably rational basis and when to do so will result in absurd or irrational consequences. *See Alderwood Water Dist. v. Pope & Talbot, Inc., supra.*

RCW 4.16.170 "stands alone as the rule for tolling the statute of limitations . . .". *Nearing v. Golden State Foods Corp.,* 114 Wn.2d 817, 822, 792 P.2d 500 (1990) (service of summons alone sufficient to toll statute of limitations pursuant to RCW 4.16.170 provided summons and complaint filed within 90 days of service); *see also* CR 3(a). RCW 4.16.170 does not, however, extend the statute of limitations:

> Instead, the 90 days simply allows a plaintiff, who has tentatively commenced an action against a party by filing a complaint just before the pertinent statute of limitations runs, to perfect the commencement of the action by serving that party, even after the statute runs, as long as it is within 90 days of the date the complaint was filed.

*Kiehn v. Nelsen's Tire Co.,* 45 Wn. App. 291, 298, 724 P.2d 434 (1986), *review denied,* 107 Wn.2d 1021 (1987).

RCW 4.16.170 provides that service on "one or more of the defendants" after filing of the complaint will toll "any" statute of limitations for "an action." The statute does not clearly address or resolve the question raised here, however, that is whether tolling the statute of limitations for "an action" necessarily tolls the statute of limitations as to all defendants named in "the action," even if they have not been served.

The meaning of the "one or more of the defendants" language is obscured by the combination of singular and plural forms in the sentence that is the focus of the instant appeal: "If service has not been had on *the* defendant prior to the filing of the complaint, the plaintiff shall cause *one or more of the defendants* to be served . . .". The shift between the first and second clause makes the intended application of the provision to cases involving multiple defendants unclear. In addition, the general focus of RCW 4.16.170 is on the "action", a term that is itself ambiguous

and may be reasonably understood in both narrow and broad senses. *Cf. Dolman v. Department of Labor & Indus.,* 105 Wn.2d 560, 565, 716 P.2d 852 (1986) ("action" as used in RCW 51.16.190(1) is ambiguous and "is not a word of art which carries its own definition").

Consequently, we cannot say that the meaning and application of the "one or more of the defendants" provision in RCW 4.16.170 "flows from unmistakably clear statutory language." *Young v. Key Pharmaceuticals, supra* at 224. We therefore look to other sources in an attempt to glean legislative intent. *See Department of Transp. v. State Employees' Ins. Bd.,* 97 Wn.2d 454, 458, 645 P.2d 1076 (1982).

A review of the history of the provision provides no further indication of its intended meaning in the instant context. RCW 4.16.170 was enacted in its present form in 1971. *See* Laws of 1971, 1st Ex. Sess., ch. 131, § 1. Prior to 1971, former RCW 4.16.170 provided that an action was not deemed commenced for purposes of tolling the statute of limitations "until the complaint is filed." *See* Laws of 1955, ch. 43, § 3. The tolling language of former RCW 4.16.170 had long been the law in Washington. *See Cresswell v. Spokane Cy.,* 30 Wash. 620, 71 P. 195 (1903).

The "one or more of the defendants" provision was grafted into RCW 4.16.170 virtually unchanged from former RCW 4.28.010, by way of an intermediate stop in former CR 3(a). *See* 71 Wn.2d xvii, xxvii (1967). Former RCW 4.28.010 delineated the commencement of civil actions and provided in pertinent part:

> Civil actions . . . shall be commenced by the service of a summons . . . or by filing a complaint . . . *Provided,* That unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing of the complaint.

The "one or more of the defendants" language was added to the predecessor of former RCW 4.28.010 in 1895. *See* Laws of 1895, ch. 86, p. 170 (formerly Bal. Code § 4869, Rem. Rev. Code § 220); *Deming Inv. Co. v. Ely,* 21 Wash.

102, 57 P. 353 (1899). This provision was construed to mean that

> unless the summons has been served prior to the filing of the complaint, it is necessary that, within ninety days, it must be served on one or more of the defendants personally, or publication commenced within that time. If the summons is not served personally within the time fixed, or the publication begun within that time, the court obtains no jurisdiction. Prior to the time that the summons is served, after the filing of the complaint, the court's jurisdiction is conditional, and the filing of the complaint is only a tentative commencement of the action and a step in that direction. Both must exist before the action is commenced.

*State ex rel. Dahl v. Superior Ct.,* 13 Wn.2d 626, 628–29, 126 P.2d 199 (1942); *see also McPhee v. Nida,* 60 Wash. 619, 621, 111 P. 1049 (1910); *Fuhrman v. Power,* 43 Wash. 533, 86 P. 940 (1906). The meaning of the 90–day provision in former RCW 4.28.010 was not found to be clear in all contexts. *See State ex rel. Uland v. Uland,* 36 Wn.2d 176, 216 P.2d 756 (1950) ("peculiar language" of 90–day provision made it difficult to determine when jurisdiction acquired).

Former RCW 4.16.170 and 4.28.010 and their respective predecessors were construed together to resolve questions involving statutes of limitations. *See, e.g., Dolan v. Baldridge,* 165 Wash. 69, 4 P.2d 871 (1931). In *Dolan,* the plaintiffs sued a husband and wife for personal injuries. The wife was served with the summons and complaint within the statutory period, and the summons and complaint were filed 17 days later. The husband, a necessary party, was not properly served until almost 4 months after filing. The court, quoting the predecessor of former RCW 4.28.010, observed that filing of the complaint within the statutory period was sufficient "if service were had upon the [husband] within ninety days thereafter[,]" *Dolan,* at 75, and that service on the husband 4 months after the filing was "too late." *Dolan,* at 76.

The *Dolan* court did not, however, address the effect of timely service on the wife; nor did the court expressly construe the "one or more of the defendants" provision.

Finally, the court held that the trial court had erred in granting the husband's demurrer because timely commencement could not be determined "upon the face" of the complaint. *Dolan,* at 77. Consequently, *Dolan* provides no guidance for the question raised here. No pre–1971 case has been discovered construing the "one or more of the defendants" language in a context comparable to that here.

■ To the extent that the language of RCW 4.16.170 can be construed to support Sidis's interpretation, *i.e.,* that timely commencement of an action against one defendant tolls the statute of limitations as to all named but unserved defendants, we believe that such a reading is supported neither by law nor by common sense. We conclude that the "one or more of the defendants" language must be understood to require that an action be timely commenced as to each defendant, when there are multiple defendants, in order to toll the statute of limitations as to that defendant.

Appellant's reading of RCW 4.16.170 would permit a plaintiff to extend the statute of limitations indefinitely against multiple defendants merely by serving one defendant. So long as one defendant remained in the case, appellant reasons, a plaintiff would have no obligation to serve the remaining named defendants. Appellant has offered no rational justification for such a result, which runs counter to fundamental notions of fairness. In addition, for named but unserved defendants, such an interpretation would effectively negate the purpose of a statute of limitations, which serves in part to protect parties against stale claims, *Kiehn v. Nelsen's Tire Co., supra* at 299, and to "instill a measure of certainty and finality into one's affairs by eliminating the fears and burdens of threatened litigation." *Kittinger v. Boeing Co.,* 21 Wn. App. 484, 486–87, 585 P.2d 812 (1978).

Although research has disclosed no Washington case precisely on point, we note that our interpretation finds support, by way of dictum or implication, in several post–1971 decisions. *See Lockhart v. Burlington N.R.R.,* 50 Wn. App. 809, 750 P.2d 1299, *review denied,* 111 Wn.2d 1022 (1988)

(statute of limitations expired where two of three defendants not served within 90 days of filing of initial complaint and more than 3 years passed before defendant served with amended complaint); *Patrick v. DeYoung,* 45 Wn. App. 103, 107, 724 P.2d 1064 (1986), *review denied,* 107 Wn.2d 1023 (1987) ("In order to complete the commencement of the action as to any defendant, the plaintiff must serve *that defendant . . .* within 90 days from the date of the filing of the complaint." (Italics ours.)); *Fittro v. Alcombrack,* 23 Wn. App. 178, 179, 596 P.2d 665, *review denied,* 92 Wn.2d 1029 (1979) (rejecting plaintiff's contention that "by serving one named defendant and thereafter filing the complaint, the statute of limitations was tolled by RCW 4.16.170 as to the unserved defendant" (Footnote omitted.)). Admittedly, none of these decisions directly confronted the question.[1]

In summary, the trial court correctly concluded that the statute of limitations had expired on the claims against Spring and Cambridge. The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

Judgment affirmed.

COLEMAN, C.J., and GROSSE, J., concur.

Reconsideration denied September 17, 1990.

Review granted at 116 Wn.2d 1001 (1991).

---

[1]*Adkinson v. Digby, Inc.,* 99 Wn.2d 206, 660 P.2d 756 (1983), does not suggest a contrary result. In *Adkinson,* the court stated that "[f]iling the summons and complaint *and* service upon at least one defendant must occur within 90 days before the statute of limitations is tolled." *Adkinson,* at 208. While correct, this assertion does not touch upon the issue here, as the court's next comment makes clear: "Both must occur *or the suit is a nullity.*" (Italics ours.) *Adkinson.* In addition, the sole issue certified to and decided by the court was whether a defendant's filing of a notice of appearance prior to service of process served to waive any defense based on the statute of limitations. *Adkinson,* at 207.