[Nos. 57660-2, 57673-4. En Banc. September 5, 1991.]

MICHAEL D. SIDIS, *Petitioner,* v. BRODIE/DOHRMANN, INC., ET AL, *Respondents.*

LESTA CLARK, *Individually and as Personal Representative, Petitioner,* v. THE STATE OF WASHINGTON, *Defendant,* DEXTER H. PINKMAN, ET AL, *Respondents.*

*Robert O. Dire*, for petitioner Sidis.

*Robert Izzo*, for petitioner Clark.

*Short Cressman & Burgess*, by *Scott A. Smith*, for respondents Spring Ltd. and Cambridge Corp.

*Steven A. Branom* and *Hackett, Beecher & Hart*, for respondents Pinkman.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington State Trial Lawyers Association, amicus curiae for petitioners.

*Craig L. McIvor* and *Patricia H. Welch* on behalf of Washington Defense Trial Lawyers Association, amicus curiae for respondents.

DOLLIVER, J. — Review of these consolidated cases was granted on one issue only: whether, under RCW 4.16.170, service of process on one defendant tolls the statute of limitation as to unserved defendants. We hold it does.

The facts are not at issue. In 1984, Michael Sidis, a restaurant cook, was injured when a table-side, alcohol-burning stove exploded as he was refueling it. In 1986, he filed a personal injury action against Brodie/Dohrmann, the company which sold the stove to the restaurant; Spring, the Swiss manufacturer of the stove; and Cambridge, the importer. Timely service was made on Brodie/Dohrmann. Spring and Cambridge were brought into the action less than 3 years after the injury by means of a third party complaint filed against them by Brodie/Dohrmann, but were not served by Sidis during that period.

Sidis argued that service on Brodie/Dohrmann tolled the statute of limitation as to all defendants named in the complaint because RCW 4.16.170, the tolling statute, states: "[T]he plaintiff shall cause one or more of the defendants to be served . . . within ninety days from the date of filing the complaint." The trial court granted summary judgment in favor of Brodie/Dohrmann on the issue of duty and in favor of Spring and Cambridge on the basis that service on Brodie/Dohrmann did not toll the statute of limitation against them, and therefore, they were not timely served. Sidis appealed. In *Sidis v. Brodie/Dohrmann, Inc.,* 58 Wn. App. 665, 669, 794 P.2d 1309 (1990), the Court of Appeals decided the statutory language was ambiguous, stating:

> The meaning of the "one or more of the defendants" language is obscured by the combination of singular and plural

> forms in the sentence that is the focus of the instant appeal: "If service has not been had on *the* defendant prior to the filing of the complaint, the plaintiff shall cause *one or more of the defendants* to be served . . .". The shift between the first and second clause makes the intended application of the provision to cases involving multiple defendants unclear. . . .

The court went on to affirm the summary judgment for Spring and Cambridge based on the running of the statute of limitation.

Lesta Clark's son was killed by Dexter Pinkman in a pedestrian/automobile accident. Clark timely filed a complaint for death of a child against Pinkman and the State of Washington. The State was served on the 90th day after filing, but Pinkman was not served until over a week later. The parties stipulated to the State's dismissal, but the trial court denied Pinkman's motion for dismissal. The Court of Appeals granted review and, in an unpublished opinion, dismissed the case against Pinkman based on the *Sidis* interpretation of RCW 4.16.170. See *Clark v. Pinkman*, noted at 59 Wn. App. 1002 (1990), *review granted*, 116 Wn.2d 1001 (1991).

The statute in question states:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause *one or more of* the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on *one or more of* the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

(Italics ours.) RCW 4.16.170. As the Court of Appeals observed, the phrase "one or more of the defendants" has been part of the law of Washington relating to the commencement of civil actions since 1895. *See Sidis*, 58 Wn. App. at 670-71.

■ The general rule governing our approach to statutory construction is clear:

> In judicial interpretation of statutes, the first rule is "the court should assume that the legislature means exactly what it says. Plain words do not require construction." *Snohomish v. Joslin*, 9 Wn. App. 495, 498, 513 P.2d 293 (1973). This court will not construe unambiguous language. *Vita Food Prods., Inc. v. State*, 91 Wn.2d 132, 134, 587 P.2d 535 (1978).
> . . .

*King Cy. v. Taxpayers of King Cy.*, 104 Wn.2d 1, 5, 700 P.2d 1143 (1985).

■■ Even though there is a clumsy mixture of tenses in the statute, the meaning is clear. Contrary to the opinion of the Court of Appeals, we believe the language of RCW 4.16.170 to be straightforward and unambiguous: "[O]ne or more of the defendants" must be served in order to toll the statute of limitation. The presence of the words "one or more of" in the various predecessors to RCW 4.16.170 indicates that at some time the possibility of multidefendant actions was considered; otherwise, those words would not appear. Moreover, if in enacting the present tolling statute the Legislature had intended to require that all defendants be served within 90 days, the words "one or more of" could simply have been omitted, and the statute would read: "[T]he plaintiff shall cause the defendants to be served".

The Court of Appeals found a literal reading of RCW 4.16.170 unacceptable because such a reading "would permit a plaintiff to extend the statute of limitations indefinitely against multiple defendants merely by serving one defendant." *Sidis*, 58 Wn. App. at 672. We disagree. While it is true that RCW 4.16.170, literally read, tolls the statute of limitation for an *unspecified* period, that period is not *infinite*, as the court implied. Plaintiffs must proceed with their cases in a timely manner as required by court rules, and must serve each defendant in order to proceed with the action against that defendant. A plaintiff who fails to serve each defendant risks losing the

right to proceed against unserved defendants if the served defendant is dismissed, as occurred in *Fittro v. Alcombrack*, 23 Wn. App. 178, 180, 596 P.2d 665, *review denied*, 92 Wn.2d 1029 (1979):

> Because the action against Alcombrack [who was timely served] was dismissed before State Farm was served, the action against Alcombrack no longer tolled the statute of limitations either as to Alcombrack or as to State Farm.

The Court of Appeals further stated that allowing service on one defendant to toll the statute against others "runs counter to fundamental notions of fairness . . . [and] would effectively negate the purpose of a statute of limitations, which serves in part to protect parties against stale claims . . .". *Sidis*, 58 Wn. App. at 672. This argument is unpersuasive. The simple existence of statutes of limitation does not mean exceptions thereto are never appropriate:

> The purpose of the statute of limitations is to compel actions to be commenced within what the legislature deemed to be a reasonable time, and not postponed indefinitely. *However, the statute's operation could be tolled for what the legislature regarded as a good reason . . ..*

(Italics ours.) *Summerrise v. Stephens*, 75 Wn.2d 808, 812, 454 P.2d 224 (1969). Strictly speaking, any tolling statute "effectively negate[s] the purpose of a statute of limitations". Here, the Legislature could well have reasoned that plaintiffs in multidefendant actions should receive this extra protection from the harsh effects of the statute of limitation. Moreover, the question of fairness raised by the Court of Appeals is a 2-edged sword. It is arguably unfair to require a plaintiff to serve all defendants within a set limitation period, when it may be difficult or impossible to determine the actual location of some defendants before discovery is underway. Statutes of limitation are procedural rules that are properly the realm of the Legis-

lature, and the fairness of such statutes should generally be left to the Legislature to determine.

Amicus Washington Defense Trial Lawyers Association argues that RCW 4.16.170, literally read, is unconstitutional because it creates a "new legislative class" of "named but unserved defendants" who are denied the benefit of the statute of limitation. We reject this interpretation. The statute creates no new class of defendants. Every legal entity has an equal likelihood of being either the defendant that is served in a given case or one of the defendants that is not served. Moreover, each defendant must still be served, and thus given actual notice, before any action can be taken concerning it; no recognizable rights are abridged.

Respondents assert there is no valid reason to distinguish between named and unnamed defendants for purposes of the tolling statute. That issue is not, however, part of this case. All defendants were named. It has been argued that plaintiffs might attempt to evade the name requirement by naming numerous "John Doe" defendants but only serving one easy target such as the State, resulting in what arguably might be considered an abuse of process. There is no such abuse here and, therefore, a ruling on this issue can await another time. We note, however, that in some cases, if identified with reasonable particularity, "John Doe" defendants may be appropriately "named" for purposes of RCW 4.16.170.

RCW 4.16.170 is unambiguous. The Court of Appeals is reversed. To the extent statements in *North St. Ass'n v. Olympia*, 96 Wn.2d 359, 367, 635 P.2d 721 (1981) ("upon filing a writ within the [relevant] period, the applicant has an additional 90 days to serve all necessary parties") and *Patrick v. DeYoung*, 45 Wn. App. 103, 107, 724 P.2d 1064 (1986) ("[i]n order to complete the commencement of the action as to any defendant, the plaintiff must serve that defendant . . . within 90 days from the date of the

filing of the complaint"), *review denied*, 107 Wn.2d 1023 (1987) conflict with this decision, they are disapproved.

DORE, C.J., and UTTER, BRACHTENBACH, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.