[No. 24568-6-I.   Division One.   November 30, 1992.]

ROSE WAKEMAN, *Respondent,* v. PAM LOMMERS, ET AL, *Appellants.*

*Deborah L. Martin, Ralph J. Brindley* and *Helsell, Fetterman, Martin, Todd & Hokanson,* for appellants.

*Gordon A. Woodley,* for respondent.

BAKER, J. — This matter is on remand from the Supreme Court for reconsideration in light of its decision in *Sidis v. Brodie/Dohrmann, Inc.,* 117 Wn.2d 325, 815 P.2d 781 (1991). The issue presented is whether service on a defendant in one cause of action tolls the statute of limitations as to another defendant on a different cause of action, where the two causes of action have been joined in one lawsuit on the basis of a common question of fact. *Sidis* held that under RCW 4.16.170, service of process on one defendant in a multidefendant action within 90 days of filing the complaint tolls the statute of limitation as to remaining unserved defendants. *Sidis,* 117 Wn.2d at 329. Although the instant case involves arguably distinguishable facts, we are constrained by the broad holding in *Sidis* and must apply it here.

I

Rose Wakeman was injured in two separate motor vehicle accidents. The first involved Pam Lommers; the second involved Deanna Taylor and occurred less than 8 months later.

A complaint naming both Lommers and Taylor as defendants was filed 1 day before the 3-year statute of limitations ran on the Lommers incident. Taylor was served within 10 days of the filing of the complaint. After numerous attempts, Lommers was served on January 25, 1989, more than 90 days after the complaint was filed.

Lommers moved for summary judgment on a statute of limitations defense. The trial court denied the motion.

Lommers moved in this court for discretionary review, which was granted.[1] In an unpublished opinion, this court reversed the trial court and dismissed the case against Lommers[2] based on this court's decision in *Sidis v. Brodie/Dohrmann, Inc.*, 58 Wn. App. 665, 794 P.2d 1309 (1990), *rev'd*, 117 Wn.2d 325, 815 P.2d 781 (1991). Wakeman filed a petition for review which was granted by the Supreme Court, but consideration was deferred pending the Supreme Court's review of *Sidis*. Upon issuing its opinion reversing this court in *Sidis*, the Supreme Court remanded the instant case to this court for reconsideration in light of that opinion.

## II

RCW 4.16.170, the tolling statute construed in *Sidis*, provides:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause *one or more of the defendants* to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on *one or more of the defendants* or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

(Italics ours.)

---

[1]The case was linked with a matter presenting a similar issue, *Clark v. State*, 59 Wn. App. 1002 (1990), *rev'd sub nom. Sidis v. Brodie/Dohrmann, Inc., supra.*

[2]*Wakeman v. Lommers*, 59 Wn. App. 1002 (1990).

Lommers and Taylor were joined under the successive tortfeasor doctrine, that is, their negligent acts were wholly unrelated in time and causation, but allegedly one indivisible harm was produced. *See Phennah v. Whalen,* 28 Wn. App. 19, 24, 621 P.2d 1304 (1980), *review denied,* 95 Wn.2d 1026 (1981). Thus, the basis for the joinder in this action was a common factual issue relating to the segregation of damages.

A different basis for the joinder of multiple defendants existed in *Sidis.* That case involved a single incident in which there was alleged negligence by more than one party. *See Sidis,* 117 Wn.2d at 327. The basis for joinder was that the defendants were concurrent tortfeasors, that is, the negligence of one defendant set into motion a series of events upon which the others' negligence acted so as to produce the final result. *See Phennah,* 28 Wn. App. at 23-24.

On this basis, Lommers makes a cogent argument that *Sidis* could be distinguished from the instant case. *Sidis* involved a single cause of action against multiple defendants;[3] the instant case involves two causes of action against two separate defendants. The fact that more than one cause was joined in the instant case would not necessarily make it a "multidefendant" action for purposes of tolling the statute of limitations under RCW 4.16.170, as that term is used in *Sidis. Sidis,* 117 Wn.2d at 329-30. Rather, the phrase "one or more of the defendants", as it appears in RCW 4.16.170 and as it was interpreted in *Sidis,* could be construed to refer to single causes of action with multiple defendants. If *Sidis* were so construed, the 3-year statute of limitations as to the cause of action against Lommers would not be tolled for purposes of RCW 4.16.170.

Such an interpretation would serve the purposes of the statute of limitations to protect parties against stale claims because they are more likely to rely upon untrustworthy evidence than are fresh claims, and to instill a measure of certainty and finality into one's affairs by eliminating the

---

[3]The plaintiff in *Sidis* named three defendants but timely served only one. The other two were brought into the action by means of a third party complaint filed by the served defendant. *Sidis,* 117 Wn.2d at 327.

fear of threatened litigation. *See Kittinger v. Boeing Co.*, 21 Wn. App. 484, 486-87, 585 P.2d 812 (1978), *cited in Sidis v. Brodie/Dohrmann, Inc.*, 58 Wn. App. 665, 672, 794 P.2d 1309 (1990), *rev'd*, 117 Wn.2d 325, 815 P.2d 781 (1991)).

We further observe that the effect of a ruling here in favor of the plaintiff is to permit the recovery of damages against Lommers that *are* readily segregable, solely because of the happenstance of a later accident raising factual issues over allegedly nonsegregable damages. If the second accident had not occurred, Lommers would prevail on her statute of limitations defense.

Nonetheless, the language in *Sidis* is very broad. The court stated that the phrase "one or more of the defendants" as it appears in RCW 4.16.170 is unambiguous and therefore should not be construed. *Sidis*, 117 Wn.2d at 329. There is no language in *Sidis* suggesting that the meaning of this phrase could turn on the characterization of tortfeasors as joint, concurrent or successive. Thus, this action is the functional equivalent of a "multidefendant" action, as that term is used in *Sidis*. We therefore hold that the *Sidis* rule applies in all cases involving more than one defendant joined by a common factual issue.[4] Thus, Wakeman may proceed against Lommers, although the record is undisputed that Lommers was not served until more than 90 days after the complaint was filed and more than 3 years after the accident.

We therefore withdraw our earlier opinion in this matter, affirm the trial court's denial of Lommers' motion for summary judgment, and remand the matter for trial.

SCHOLFIELD and AGID, JJ., concur.

Review denied at 121 Wn.2d 1010 (1993).

---

[4]We do not decide whether *Sidis* would apply if the only basis for joinder were a common question of law.