[No. 11490-2-III.    Division Three.    February 11, 1993.]

THE CITY OF WENATCHEE, *Respondent,* v. RAYMOND
JOHNSTON, *Petitioner.*

*Walter J. Sinsheimer, Lois Meltzer,* and *Sinsheimer & Meltzer; John W. Beuhler, Jr.,* and *Fuller, Cassel, Beuhler & Hotchkiss, P.S.,* for petitioner.

*Larry M. Carlson, City Attorney,* and *Andrew L. Kottkamp, Assistant,* for respondent.

SHIELDS, C.J. — Raymond Johnston appeals his Chelan County District Court conviction on two counts of charging interest above the statutory pawnbroker transaction limit. The Superior Court affirmed; we granted discretionary review and affirm.

A Wenatchee city undercover detective contacted Mr. Johnston, owner of Ray's Pay-n-Save Auto Parts & Pawnbroker, on April 2 and 6, 1990. He told Mr. Johnston he wanted to pawn handguns. On April 2, the detective gave Mr. Johnston a handgun in exchange for $100. He redeemed the handgun 9 days later for $136.70, an additional 36.7 percent charge. On April 6, the detective gave Mr. Johnston a second handgun in exchange for $75. He redeemed this handgun 3 days later for $102.50, an additional 36.7 percent charge.

Mr. Johnston was tried in the Chelan County District Court on June 5, 1990. At trial, he testified that this charge included insurance, inspection, setup, handling, appraisal, storage, bookkeeping, and interest. Mr. Johnston never specified how the payment was allocated between interest and other fees. The court found Mr. Johnston guilty on two counts of charging excessive interest and one count of failing to record information, in violation of former RCW 19.60.010 *et seq.* Mr. Johnston appealed to the Chelan County Superior Court, which affirmed all three counts. Mr. Johnston seeks discretionary review, challenging only the two counts for charging excessive interest.

Mr. Johnston contends that former RCW 19.60.060[1] sets a ceiling only on interest and fees for document preparation. He concedes that his charges exceeded the amount allowed by the statute, but he argues that the statute does not manifest a legislative intent to limit pawnbrokers' charges exclusively to interest and document preparation fees.

He argues that the legislative history of the statute indicates an intent not to regulate charges in addition to interest and document preparation fees. A 1973 revision of former RCW 19.60.060 included separate sections dealing specifically with interest and document preparation fees, and added a subsection (3) which read,

> (3) The fee for the care, maintenance, insurance relating to, preparation for storage of, and storage of personal property actually received in pledge, shall not exceed: [certain stated levels.]

Laws of 1973, 1st Ex. Sess., ch. 91, § 1. Mr. Johnston points out that the Legislature *removed* subsection (3) in its entirety by a 1984 amendment, leaving only the sections dealing with interest and document preparation fees. Subsection (3) does not appear to have been recodified elsewhere.

■■ The City responds that, as a preliminary problem, Mr. Johnston has failed to assign error to either the court's findings of fact or conclusions of law. RAP 10.3(a)(3). The City is correct. RAP 10.3(a) states, in pertinent part:

> The brief of the appellant or petitioner should contain under appropriate headings and in the order here indicated:
>
> . . . .
>
> (3) *Assignments of Error.* A separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error.

Our courts have held consistently that they "will not consider matters to which no error has been assigned." *State v. Fortun,* 94 Wn.2d 754, 756, 626 P.2d 504 (1980); *see Sal-*

---

[1]RCW 19.60.060 was amended by Laws of 1991, ch. 323, § 7 to increase authorized interest and other fees. The amendment is not material to the issue presented here.

*strom's Vehicles, Inc. v. Department of Motor Vehicles*, 87 Wn.2d 686, 690, 555 P.2d 1361 (1976); *Halvorsen v. Ferguson*, 46 Wn. App. 708, 722, 735 P.2d 675 (1986), *review denied*, 108 Wn.2d 1008 (1987).

However, Mr. Johnston's brief presents argument in support of the principal issue presented for review, together with citations to legal authority in conformity with RAP 10.3(a)(5). This is sufficient to identify the error in statutory construction which Mr. Johnston contends the trial court made. The issue is a question of law which we review de novo.

Former RCW 19.60.060 read, in pertinent part:

> All pawnbrokers are authorized to charge and receive interest and other fees at the following rates for money loaned on the security of personal property actually received in pledge:
> (1) The interest shall not exceed:
>
> . . . .
> (c) For an amount loaned from $40.00 to $75.99 — interest at the rate of $2.00 per month;
> (d) For an amount loaned from $76.00 to $100.99 — interest at the rate of $2.50 per month;
>
> . . . .
> (2) The fee for the preparation of documents, pledges, or reports required under the laws of the United States of America, the state of Washington, or the counties, cities, towns, or other political subdivisions thereof, shall not exceed:
>
> . . . .
> (i) For the amount loaned from $70.00 to $79.99 — the sum of $9.00;
>
> . . . .
> (l) For the amount loaned from $100.00 to $124.99 — the sum of $12.00;

Laws of 1984, ch. 10, § 9.

■ The principal question on appeal is one of statutory construction. If the statutory provision is plain, the court will uphold the mandate embodied in the plain language of the statute. *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 329, 815 P.2d 781 (1991). If the language is ambiguous, the court must then choose from several other rules of construction urged by the parties.

██ The language of the statute is sufficiently plain that other rules of construction are not needed. Although Mr. Johnston seeks to obscure that plainness by arguing that the fees mentioned in former RCW 19.60.060(2) are only "document preparation fees" or "record fees", his argument ignores the plain language in its opening clause: "All pawnbrokers are authorized to charge and receive interest and other fees at the following rates". Former RCW 19.60.060 clearly authorizes interest and document preparation fees at specified amounts.

Since the statute grants pawnbrokers authorization to charge interest and document preparation fees, other fees not designated in the statute are not authorized. "[W]here a statute designates a list of things whereupon the statute operates, the inference arises that the Legislature intended to omit other things not listed". *In re Eaton*, 110 Wn.2d 892, 898, 757 P.2d 961 (1988). This inference is heightened by the Legislature's deliberate act, in 1984, of removing statutory authorization to charge other fees for maintenance, insurance, inspection, setup, and the like.

Moreover, the plain language of former RCW 19.60.060(2) authorizes fees for the "preparation of . . . pledges" as well as documents and reports. Services relating to preparation of pledges include insurance, inspection, setup, handling, appraisal, storage, and bookkeeping. Therefore, such charges are authorized so long as the total fee for preparation of documents, pledges, and reports does not exceed the limits prescribed by former RCW 19.60.060(2).

Here, the statutory limit for interest and other fees was $14.50 on the loan of $100, and $11 on the loan of $75, a monthly rate of approximately 14.5 percent. Mr. Johnston exceeded that limit by charging 36.7 percent. Former RCW 19.60.060 authorizes pawnbrokers to charge only the fees set forth in the statute; the evidence supports the trial court's finding that Mr. Johnston was guilty of charging unauthorized fees.

■ Alternatively, Mr. Johnston contends the trial court erred in finding that the exchanges of guns for money were pawnbroker transactions. He contends the exchanges were sales with an option to repurchase; hence, former RCW 19.60.060 does not apply. As the City correctly points out, Mr. Johnston failed to assign error to this finding of fact; therefore, it is a verity on appeal. *See Fortun*, at 756. Had error been assigned, Mr. Johnston's own business records indicate he is a pawnbroker, and the detective's testimony provided ample evidence that the transactions were pawnbroker transactions as defined by former RCW 19.60.010(4) and (8). There was sufficient evidence to support the court's findings.

We affirm.

MUNSON and THOMPSON, JJ., concur.