[No. 25252-0-II. Division Two. May 4, 2001.]

TAPPS BREWING, INC., ET AL., *Petitioners*, v. THE CITY OF SUMNER, *Respondent*.

*Kristi S. Anderson* and *William C. Severson* (of *Garvey, Schubert & Barer*), for petitioners.

*Patricia Bosmans, City Attorney*, for respondent.

ARMSTRONG, C.J. — The City of Sumner imposes a General Facilities Charge (GFC) to pay for improvements to its storm drainage system. The City imposes the charge, which is based on the amount of impervious surface on the property, upon property owners when it issues development permits. Two property owners challenged the GFCs the City imposed on their developments. After the trial court denied the property owners' summary judgment motion, the parties stipulated to the issue of law before us: Are the GFCs illegal charges on real estate development prohibited by RCW 82.02.020? We affirm, holding that RCW 82.02.020 does not bar the GFCs.

## FACTS

From 1990 to 1992, the City of Sumner's Drainage District 11 experienced severe flooding. To solve its drainage problem, the City constructed the East Sumner Storm Drainage Trunk Line. To pay for the drainage line, the City incurred bond indebtedness to be repaid over 20 years. One source of money to repay the bonds is a storm water GFC. The City calculates the fee amount based on the total amount of impervious surface on the property.[1] The City considers gravel driveways and parking lots to be impervious surfaces. The City deposits the money collected into an account used for capital improvements and debt service.

Tapps Brewing, Inc., remodeled an existing building and paved an existing gravel parking lot. When it issued the

---

[1] Tapps and McClung state in their brief that the basis of the charge is the amount of impervious area created by the development, rather than the total impervious area. But the ordinance does not specify that it applies only to new impervious area, and a letter from a consultant retained by the City indicates that the basis for the GFC is the "number of ESU's for which the improvements will provide service." Clerk's Papers (CP) at 262. "Improvements" refers to the City's storm drainage system. An ESU is an equivalent service unit, a measurement unit equal to 2,400 square feet of impervious surface.

development permit, the City required Tapps to pay $9,950 as a storm water GFC. Daniel McClung replaced an existing building and paved a gravel alley for parking. The development added 3,576 square feet of impervious surface. The existing storm drain running through McClung's property was too small, so the City required McClung to install larger pipe as a condition to building permit approval. In exchange, the City waived the storm water GFC and other charges, which the City estimated would have totaled $8,000 to $8,500. McClung spent $50,872 upgrading the pipe.

Tapps and McClung sued the City of Sumner, challenging the GFC as an invalid charge under RCW 82.02.020, which limits drainage utility charges to the proportionate share of capital costs attributable to the property. The trial court denied Tapps and McClung's motion for summary judgment. We granted discretionary review.

## ANALYSIS

■ Parties generally may not appeal a denial of a motion for summary judgment. RAP 2.2(a); *Sea-Pac Co. v. United Food & Commercial Workers Local Union 44*, 103 Wn.2d 800, 801-02, 699 P.2d 217 (1985). But an appellate court may grant discretionary review if the parties stipulate "that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation." RAP 2.3(b). The parties have done so here.

■ We review a trial court's summary judgment order and its interpretation of a statute de novo. *Eelbode v. Chec Med. Ctrs., Inc.*, 97 Wn. App. 462, 465-66, 984 P.2d 436 (1999). In construing a statute, we seek to ascertain and give effect to the legislature's intent. *Duke v. Boyd*, 133 Wn.2d 80, 87, 942 P.2d 351 (1997). If the statutory language is clear and unambiguous, we look no further. *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 329, 815 P.2d 781

(1991). "A statute is ambiguous if it is susceptible of two or more reasonable interpretations." *U.S. Tobacco Sales & Mktg. Co. v. Dep't of Revenue*, 96 Wn. App. 932, 938, 982 P.2d 652 (1999).

Tapps and McClung argue that the City's GFC, or improvements required in lieu of the GFC, are illegal under RCW 82.02.020. The City relies on chapter 35.67 RCW for its authority to impose the GFC. The City argues that we should not consider whether the City has statutory authority to impose the GFC because the issue was not part of the stipulation under RAP 2.3(b). But we must determine the source of the City's authority in order to determine whether RCW 82.02.020 prohibits the charges (see discussion of validity under RCW 82.02.020 below).

## I. Statutory Authority Under RCW 35.67.020

RCW 35.67.020 provides that a city may construct "systems of sewerage" and has authority to "fix, alter, regulate, and control the rates and charges for their use."[2] Tapps and McClung argue that RCW 35.67.020 does not authorize the City to impose the GFC. They contend that the charge is not for the *use* of the system RCW 35.67.020 authorized. They also maintain that the City applies the charge disproportionately. The language of RCW 35.67.020 is clear and unambiguous.

■ The statute authorizes cities and towns to construct and operate systems of sewerage and charge users for the cost. RCW 35.67.020. And systems of sewerage include storm or surface water sewers. RCW 35.67.010(3). Even though the GFCs at issue here are one-time charges, the

---

[2] RCW 35.67.020 provides, in part:

Every city and town may construct, condemn and purchase, acquire, add to, maintain, conduct, and operate systems of sewerage and systems and plants for refuse collection and disposal together with additions, extensions, and betterments thereto, within and without its limits, with full jurisdiction and authority to manage, regulate, and control them and to fix, alter, regulate, and control the rates and charges for their use. The rates charged must be uniform for the same class of customers or service and facilities furnished.

City assesses and uses them to retire the debt it incurred in constructing the storm drainage system. Because RCW 35.67.020 gives the City broad authority to "construct . . . purchase, acquire, add to, maintain . . . and operate systems of sewerage," the authority to charge for its use must include charging for capital costs. We hold that RCW 35.67.020 authorizes the GFCs at issue here.

■ Tapps and McClung argue that the City must apply the storm water GFC proportionately to the service a customer received. A municipal corporation may charge a special assessment only against a property that is specifically benefited by construction of a corresponding improvement. *Teter v. Clark County*, 104 Wn.2d 227, 230, 704 P.2d 1171 (1985). But a charge under chapter 35.67 RCW is not a special assessment. *Teter*, 104 Wn.2d at 230-31. Chapter 35.67 RCW authorizes a municipal corporation to act under its police power. *Teter*, 104 Wn.2d at 231. Thus, a charge under chapter 35.67 RCW need not produce a special benefit for the property charged. *Teter*, 104 Wn.2d at 231; *Morse v. Wise*, 37 Wn.2d 806, 810-11, 226 P.2d 214 (1951).

## II. Compliance With RCW 35.67.020

■ Tapps and McClung also argue that even if the City has statutory authority under RCW 35.67.020 to impose the GFC, the GFCs do not comply with that statute. They contend that the City has unlawfully discriminated against them by requiring them to pay more than other customers in violation of RCW 35.67.020, which requires that charges be "*uniform* for the *same class of customers* or *service and facilities furnished*." Br. of Pet'rs at 9. The City argues that this issue is not properly before us because it is not in the RAP 2.3(b) stipulation. We agree.

The parties stipulated to one issue: Whether the City's GFC is an illegal charge under RCW 82.02.020. While the *source* of the City's authority to impose the GFC is crucial to its validity under RCW 82.02.020, whether the City's GFCs comply with RCW 35.67.020 is a separate question not

included within the stipulation and, therefore, beyond the scope of this discretionary review.

## III. Validity Under RCW 82.02.020

 We next consider whether RCW 82.02.020 applies to the GFCs authorized by RCW 35.67.020. RCW 82.02.020 limits a city's power to impose taxes, fees, or charges on land development. The statute, however, does not apply to sewer and drainage system charges, except that a city's charges must be proportionate to the cost of the system attributable to the property being charged. RCW 82.02.020. Tapps and McClung argue that the GFC fails to satisfy this proportionality requirement.

But RCW 82.02.020 further provides that its provisions "shall not be interpreted to expand or contract any existing authority of counties, cities, or towns to impose such charges." Thus, RCW 82.02.020 does not prohibit any charge authorized by a statute in effect before the legislature enacted RCW 82.02.020. *See Prisk v. City of Poulsbo*, 46 Wn. App. 793, 803, 732 P.2d 1013 (1987). The legislature enacted RCW 35.67.020 before it amended RCW 82.02.020 in 1982. *See Prisk*, 46 Wn. App. at 803. Thus, the proportionality requirement of RCW 82.02.020 does not apply to charges authorized by RCW 35.67.020.

We affirm the denial of Tapps and McClung's motion for summary judgment, and remand for further proceedings.

BRIDGEWATER and QUINN-BRINTNALL, JJ., concur.