148

[No. 30054-4-III.   Division Three.   January 24, 2013.]

MARGE GANSER-HEIBEL, *Appellant*, v. CHAVALLO COMPLEX, LLC, ET AL., *Respondents*.

149

*Christopher L. Childers* (of *Smart Connell & Childers*), for appellant.

*Raymond W. Schutts* (of *Law Offices of Raymond W. Schutts*), for respondents.

¶1 BROWN, J. — Marge Ganser-Heibel appeals summary dismissal of her negligence claim against Kennewick Public Hospital District (KPHD) and Chavallo Complex LLC. She contends the Benton County Superior Court erred by deciding her action was time barred. We affirm.

## FACTS

¶2 On February 27, 2008, Ms. Ganser-Heibel fell and fractured her hip on a concrete step outside a senior health center operated by KPHD. Chavallo now owns the facility. KPHD is a local government entity, but Chavallo is a private entity. On February 3, 2011, Ms. Ganser-Heibel notified KPHD's appointed agent of her tort damages claim, as statutorily required. When a person notifies a local government entity's appointed agent of a tort damages

claim, it starts a 60-day waiting period that must expire before the person can sue, and during which the applicable statute of limitations tolls. RCW 4.96.020(4).

¶3 Ms. Ganser-Heibel sued KPHD and Chavallo for negligence on April 5, 2011. Chavallo moved for summary judgment, arguing Ms. Ganser-Heibel's action against it was time barred. The trial court granted the motion, agreeing that because Chavallo is a private entity, Ms. Ganser-Heibel's claim notice to KPHD did not toll the three-year statute of limitations governing her negligence claim against Chavallo. Ms. Ganser-Heibel appealed.

## ANALYSIS

¶4 The issue is whether the trial court erred by summarily dismissing Ms. Ganser-Heibel's action against Chavallo as time barred. She contends that if a prospective plaintiff properly notifies a local government entity of his or her tort damages claim, then sues both the local government entity and a nongovernmental party in the same action and asserts the same tort damages claim against each defendant, RCW 4.96.020(4)'s tolling provision applies retroactively to each claim. She argues this statutory construction is required because RCW 4.96.020 and other portions of Title 4 RCW use the word "action" so as to include claims against both public and private defendants. Under this interpretation, she concludes she timely sued Chavallo.

¶5 We review a grant of summary judgment de novo, engaging in the same inquiry as the trial court. *Auto. United Trades Org. v. State*, 175 Wn.2d 537, 541, 286 P.3d 377 (2012). Summary judgment is proper if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c). Further, we interpret a statute de novo. *Jackowski v. Borchelt*, 174 Wn.2d 720, 729, 278 P.3d 1100 (2012). "A court interpreting a statute must discern and implement the legislature's intent." *Anthis v. Copland*, 173 Wn.2d 752,

755-56, 270 P.3d 574 (2012). If the legislature's intent is apparent from the statute's plain language, the court "will not construe the statute otherwise." *Lowy v. PeaceHealth*, 174 Wn.2d 769, 779, 280 P.3d 1078 (2012).

¶6 Under the applicable statute of limitations, a prospective plaintiff must commence a personal injury action within three years of the date the claim accrues. RCW 4.16.005, .080(2). Further, a prospective plaintiff claiming damages from a local government entity must notify its appointed agent of the claim within the applicable statute of limitations period. RCW 4.96.020(2). If the damages claim arises from tort, proper claim notice starts a 60-day waiting period that must expire before the prospective plaintiff can sue the local government entity, and during which the applicable statute of limitations tolls. RCW 4.96.020(4). While the defendant must prove the action is untimely, the plaintiff must prove tolling makes it timely. *Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 266, 189 P.3d 753 (2008).

¶7 As written, RCW 4.96.020(4) limits its provisions to tort damage claims against local government entities. Subsection 2 requires notice of any damages claim against a local government entity: "All claims for damages against a local governmental entity . . . shall be presented to the agent within the applicable period of limitations within which an action must be commenced." RCW 4.96.020(2). Subsection 4 specifies the effect of such notice if the damages claim arises from tort:

> (4) No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity . . . for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent . . . . The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period.

RCW 4.96.020. Thus, as apparent from RCW 4.96.020's plain language, the legislature intended subsection 4's

tolling provision to apply solely to tort damage claims against local government entities. Because the legislature's intent is clear from RCW 4.96.020's plain language, we cannot construe subsection 4's tolling provision otherwise. We therefore reject Ms. Ganser-Heibel's request to search Title 4 RCW for a different meaning of the word "action."

¶8 Having discerned the legislature's intent, we must implement it. Ms. Ganser-Heibel's negligence claim against Chavallo accrued when she fell and fractured her hip on February 27, 2008. The three-year statute of limitations governing personal injury actions required her to sue Chavallo by February 27, 2011. But she sued Chavallo on April 5, 2011. While RCW 4.96.020(4) may have tolled the statute of limitations governing her tort damages claim against the local government entity, KPHD, it could not toll the statute of limitations governing any of her claims against the nongovernmental party, Chavallo. Thus, under the statutory interpretation above, Ms. Ganser-Heibel's action against Chavallo is untimely.

¶9 Ms. Ganser-Heibel argues the state Supreme Court's holding in the consolidated cases of *Sidis v. Brodie/ Dohrmann, Inc.* and *Clark v. State*, 117 Wn.2d 325, 815 P.2d 781 (1991) compels a different result. In each case, the plaintiff sued multiple defendants within the applicable statute of limitations period, then served process on one defendant within the required 90 days but failed to timely serve remaining defendants. *Id.* at 327-28. The court held, under RCW 4.16.170, serving process on one of multiple named defendants within 90 days of filing a complaint tolls the applicable statute of limitations as to remaining unserved defendants. *Id.* at 327, 329, 331-32. The court partly reasoned RCW 4.16.170 was "straightforward and unambiguous: '[O]ne or more of the defendants' must be served in order to toll the statute of limitation." *Id.* at 329 (alteration in original) (quoting RCW 4.16.170).

¶10 As Chavallo correctly notes, *Sidis* and *Clark* do not control the result here because they involved RCW

4.16.170's 90-day tolling period between commencing and perfecting an action by filing a complaint and serving process; they did not involve RCW 4.96.020(4)'s 60-day tolling period between notifying a local government entity of a tort damages claim and suing the entity for it. Because Chavallo is a private entity, Ms. Ganser-Heibel's claim notice to KPHD did not toll the three-year statute of limitations governing her negligence claim against Chavallo.

¶11 In her reply brief, Ms. Ganser-Heibel argues, for the first time on appeal, a genuine issue of material fact exists on whether she properly served Chavallo. The issue is not properly before us for review because Ms. Ganser-Heibel did not raise it in her opening brief. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration."). Further, whether a plaintiff properly served a defendant with process "is a pretrial determination for the trial judge" and does not create a genuine issue of material fact requiring jury resolution. *Cortez-Kloehn v. Morrison*, 162 Wn. App. 166, 172-73, 252 P.3d 909 (reasoning the trial court must "determine the legal questions presented by the case" and sometimes "make the factual determinations required to answer the legal question[s]" (citing RCW 4.44.080)), *review denied*, 173 Wn.2d 1002 (2011).

¶12 In sum, no genuine issue of material fact exists and Chavallo is entitled to judgment as a matter of law. The trial court did not err by summarily dismissing Ms. Ganser-Heibel's action against Chavallo as time barred.

¶13 Affirmed.

SIDDOWAY, A.C.J., and KULIK, J., concur.