[No. 20160-7-II.   Division Two.   December 19, 1997.]

SHERRY BRESINA, *Appellant*, v. ACE PAVING COMPANY, INC., *Respondent*.

---

*J. Michael Koch* of *J. Michael Koch & Associates*, for appellant.

*Michael H. Runyan* and *Warren E. Babb, Jr.*, of *Lane Powell Spears Lubersky*, for respondent.

MORGAN, J. — At the times material here, a cash machine was located outside a Bremerton grocery store. The sidewalk in front of the cash machine was about two inches higher than the adjoining parking lot.

On May 12, 1990, Sherry Bresina parked her car and approached the cash machine. As she did so, she tripped over the edge of the sidewalk, fell, and was injured.

On May 3, 1993, Bresina filed a complaint for negligence. She named as defendants the owners of the store and various others not in issue here. She alleged in paragraph III "that the named Defendants constructed and/or owned and/or controlled and/or had some legal responsibility for [ ] the area where the fall occurred."[1] She served at least one of the named defendants before the three-year statute of limitation expired.[2]

Bresina also listed in her complaint, as a defendant, "ABC CORPORATION, whose true identity is unknown."[3] She alleged in paragraph IV that "ABC CORPORATION was named an unknown entity which may have the same responsibilities described in paragraph III above, and when their [sic] true identity is known, they [sic] will be properly named."[4] She did not further identify or serve "ABC CORPORATION" at that time.

On April 1, 1994, Bresina filed an amended complaint that named Ace Paving Company, Inc. for the first time.

---

[1] Clerk's Papers at 4.

[2] The parties agree that this case is governed by RCW 4.16.080, a three-year statute of limitation.

[3] Clerk's Papers at 3.

[4] Clerk's Papers at 4.

She served the amended complaint at about the same time, and that gave Ace its first notice of her suit.

On February 3, 1995, Ace sought summary judgment on the ground that Bresina had not commenced her action against it within the three-year statute of limitation. Bresina offered nothing to explain or justify her failure to name Ace before April 1994. She argued, however, that she had identified Ace with "reasonable particularity" because she had sued ABC Corporation as "an unknown entity" that "constructed and/or owned and/or controlled and/or had some legal responsibility for [ ] the area where the fall occurred." The trial court granted Ace's motion, and Bresina filed this appeal.

■ Bresina does not contend that her first amended complaint relates back to her original complaint. According to CR 15(c), an amended complaint that changes or adds a party relates back only if, among other things, the changed or added party received notice "within the period provided by law for commencing the action against [it]."[5] Because Ace did not receive such notice here, the amended complaint could not relate back.

Bresina does contend, however, that the time for commencing an action against Ace never expired. Rather, she says, the time for commencing an action against Ace was tolled when, before May 12, 1993, she served a different, then-named defendant.

■ Attempting to support this contention, Bresina cites RCW 4.16.170 and *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 329, 815 P.2d 781 (1991). RCW 4.16.170 provides in part:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint,

[5]*See also Tellinghuisen v. King County Council*, 103 Wn.2d 221, 223, 691 P.2d 575 (1984); *Foothills Dev. Co. v. Clark County Bd. of County Comm'rs*, 46 Wn. App. 369, 374-75, 730 P.2d 1369 (1986), *review denied*, 108 Wn.2d 1004 (1987).

the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint . . . .

*Sidis* read this language to mean that the statute of limitation is tolled as to all defendants once an action against one defendant is timely filed and served.

*Sidis* did not involve an unnamed defendant such as "ABC CORPORATION, an unknown entity." It includes, however, dictum on the application of RCW 4.16.170 to such defendants. It states:

> Respondents assert there is no valid reason to distinguish between named and unnamed defendants for purposes of the tolling statute. That issue is not, however, part of this case. . . . [I]n some cases, if identified with reasonably particularity, "John Doe" defendants may be appropriately "named" for purposes of RCW 4.16.170.[6]

Division Three considered this dictum in *Iwai v. State.*[7] There, Iwai slipped and fell in an icy parking lot in 1984. She filed her complaint in 1986, naming certain defendants but not WAM Enterprises. She also alleged that unnamed " 'John Doe' defendants" had been " 'negligent or otherwise responsible.' " She named WAM in 1990, and gave it notice the same year. WAM moved for summary judgment, which the trial court granted and Division Three affirmed as to WAM. Division Three said it was declining "to extend the holding in *Sidis* to unnamed 'John Doe' defendants, such as [Iwai] designated in her original complaint."[8] It further said, in the next paragraph, that Iwai's "broad designation of John Doe defendants" was not sufficiently particular.[9] As we read this language, it does not clearly show whether Division Three (a) rejected the *Sidis* dictum or (b) assumed the validity of the *Sidis* dictum while hold-

---

[6]117 Wn.2d at 331.

[7]76 Wn. App. 308, 884 P.2d 936 (1994), *aff'd*, 129 Wn.2d 84 (1996).

[8]*Iwai*, 76 Wn. App. at 312.

[9]*Iwai*, 76 Wn. App. at 312.

ing that its requirements were not met by Iwai's description of WAM.

Taking the latter approach here, we assume that a plaintiff can toll the period for suing an unnamed defendant by timely filing and serving a named defendant—if, but only if, the plaintiff identifies the unnamed defendant with "reasonable particularity" before the period for filing suit expires. "Reasonable particularity" depends, obviously, on a variety of factors. A major factor is the nature of the plaintiff's opportunity to identify and accurately name the unnamed defendant; if a plaintiff identifies a party as "John Doe" or "ABC Corporation," after having three years to ascertain the party's true name, it will be difficult to say, at least in the vast majority of cases, that the plaintiff's degree of particularity was "reasonable."

Here, Bresina had three years to obtain Ace's true name,[10] and she offers no reason for not doing so. It is apparent she could have obtained Ace's name at almost any time during the three years by proper investigation, or, if necessary by filing a complaint and seeking discovery. Given these circumstances, naming "ABC Corporation" did not involve a degree of particularity that was "reasonable," and the trial court did not err by ruling that the statute of limitation was not tolled.

Affirmed.

HOUGHTON, C.J., and SEINFELD, J., concur.

Review denied at 135 Wn.2d 1010 (1998).

---

[10]Counsel told us at oral argument that Bresina contacted her office about a month before the statute of limitations expired. We have no way of knowing whether this was the first or only time Bresina sought legal advice, and we think the reasonableness of Bresina's degree of particularity in naming Ace should be judged using the time available to Bresina, as opposed to the time available to a specific attorney.