FILED
COURT OF APPEALS
DIVISION II

2013 OCT 15 AM 8: 55

STATE OF WASHINGTON

BY_____
                DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JESSE POWERS,<br><br>               Appellant,<br><br>   v.<br><br>WB MOBILE SERVICES, INC., and JOHN DOE TWO,<br><br>               Respondents,<br>And<br><br>PREMIER COMMUNITIES, INC., a Washington Corporation; PACIFIC MOBILE STRUCTURES, INC., a Washington Corporation,<br><br>               Defendants. | No. 42797-4-II<br><br>PUBLISHED OPINION |

BJORGEN, J. — Jesse Powers appeals the dismissal of W.B. Mobile as a defendant in his personal injury case based on the statute of limitations. Powers argues that his claim was timely under RCW 4.16.170 and CR 15(c) because (1) he properly identified W. B. Mobile as "John Doe One" in his original complaint, (2) W.B. Mobile had actual notice of Powers's claim, and (3) Powers's service on the other defendants tolled the statute for 90 days. We hold that Powers's claim was timely brought under RCW 4.16.170 and its implementing case law, but do not reach whether his amended complaint relates back under CR 15(c). Accordingly, we reverse and remand for trial on the merits.

## FACTS

### I. INJURY

Premier Communities Inc. and Pacific Mobile Structures Inc. entered into a contract for Pacific to provide numerous mobile structures at Premier's residential construction sites. Premier decided to relocate one of the mobile structures, along with an accompanying handicap ramp, from one construction project to another. Unknown to Premier, Pacific subcontracted with W.B. Mobile to install the ramp after the structure was relocated. After spending a day installing the ramp, Russ Williams, the owner and sole employee of W.B. Mobile realized that he lacked sufficient materials to complete the job. Williams strung yellow caution tape around the incomplete ramp and "wire tied" some boards across the ramp. Clerk's Papers (CP) at 98. He then left the site to obtain additional ramp pieces for the project from Pacific and did not return until the next morning.

Premier also contracted with Awning Solutions to install an awning on the same relocated mobile structure. Awning Solutions assigned its employee, Powers, to carry out the installation. On June 2, 2006, the ramp's platform collapsed when Powers stepped forward on it while carrying an awning. Powers fell backward with the awning.

When Williams returned, he discovered that someone had torn off the caution tape and removed the boards he had placed across the incomplete ramp. He completed the job, and then taped and boarded the ramp up again so that no one would use it before Pacific could backfill the area. Williams did not know that Powers had been there.

2

## II. PROCEDURE

Powers filed suit on May 28, 2009, five days before expiration of the three-year statute of limitations, alleging that the collapse of the handicap access ramp caused him severe, permanent, and disabling injuries. Powers identified two defendants by name, Premier and Pacific, along with two "John Doe" defendants.[1] CP at 185-86. The complaint identified "John Doe One" as:

> The Defendant, JOHN DOE CONSTRUCTION COMPANY is believed to be a corporation or partnership whose true name and capacity is unknown to Plaintiff. That when the true name and capacity of JOHN DOE CONSTRUCTION is ascertained by Plaintiff, Plaintiff pray [sic] for leave to amend this complaint to so state reasons that JOHN DOE CONSTRUCTION COMPANY is believed to be the builder of the handicap access ramp where the incident occurred.

CP at 186. The complaint identified "John Doe Two" as the corporation or individual "responsible for the maintenance and safety for the premises where [Powers] sustained injuries involved in this lawsuit." CP at 186.

Unknown to Powers, Pacific sent a letter to Williams in July 2009, attaching a copy of the complaint and formally tendering Pacific's defense to W.B. Mobile. Williams forwarded the letter to W.B. Mobile's insurer, which denied the tender. Before receiving Pacific's letter, Williams did not know that Powers had been injured or that he had filed a lawsuit.

Pacific answered Powers's complaint in July 2009, alleging as affirmative defenses that nonparties' negligence may have caused Powers's injuries and that Powers may have failed to join indispensable parties. In December 2009, Pacific filed a witness disclosure, stating that it might call an employee of W.B. Mobile to testify at trial "about the terms of the contract

---

[1] CR 10(a)(2) provides:
> When the plaintiff is ignorant of the name of the defendant, it shall be so stated in his pleading, and such defendant may be designated in any pleading or proceeding by any name, and when his true name shall be discovered, the pleading or proceeding may be amended accordingly.

between W.B. Mobile and Pacific Mobile as well as about who installed the ramp where [sic] the plaintiff alleges failed." CP at 337.

Shortly thereafter, in January 2010, Powers testified in his deposition that his employer told him that Premier had installed the handicap ramp. In response to Powers's October 2010 discovery request, however, Pacific identified W.B. Mobile as the installer of the ramp. Four months later, in February 2011, Powers filed an amended complaint, substituting W.B. Mobile for "John Doe One," and stating that he believed W.B. Mobile was "the builder and/or installer of [the] handicap access ramp" that caused his injury. CP at 378.

W.B. Mobile moved to dismiss Powers's claims against it under the statute of limitations. The trial court granted the motion and dismissed those claims with prejudice. The trial court also denied Powers's motion for reconsideration. Powers appeals.[2]

## ANALYSIS

### I. STANDARD OF REVIEW

We review a summary judgment order de novo, performing the same inquiry as the trial court. *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 483, 78 P.3d 1274 (2003). Summary judgment is appropriate if, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Thun v. City of Bonney Lake*, 164 Wn. App. 755, 759, 265 P.3d 207 (2011), *review denied*, 173 Wn.2d 1035, 277 P.3d 669 (2012).

### II. RCW 4.16.170

---

[2] Powers, Premier, and Pacific stipulated that they had satisfactorily settled the complaint, and the court dismissed Powers's claims against both parties. Neither Premier nor Pacific are parties to this appeal.

Powers argues that under RCW 4.16.170, the time period for commencing a negligence action includes the 90 days after the plaintiff files or serves the complaint. W.B. Mobile responds that RCW 4.16.170 does not extend the statute of limitations. We hold that Powers's claim against WB Mobile was timely brought under RCW 4.16.170, which provides:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

In *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 329, 815 P.2d 781 (1991) (quoting RCW 4.16.170), our Supreme Court read the phrase "'[o]ne or more of the defendants'" from this statute unambiguously to require that only one of the defendants need be served within the 90-day period to toll the statute of limitations against all defendants. The *Sidis* Court disapproved of language in *North St. Ass'n v. City of Olympia*, 96 Wn.2d 359, 635 P.2d 721 (1981), to the extent that *North St. Ass'n* interpreted RCW 4.16.170 to require a petitioner to serve all necessary parties within the 90-day period. *Sidis*, 117 Wn.2d at 331-32. Further, the *Sidis* Court noted in dictum that although the issue of unnamed defendants was not before it:

> Respondents assert there is no valid reason to distinguish between named and unnamed defendants for purposes of the tolling statute. That issue is not, however, part of this case. . . . We note, however, that in some cases, if identified with reasonable particularity, "John Doe" defendants may be appropriately "named" for purposes of RCW 4.16.170.

*Sidis*, 117 Wn.2d at 331.

In *Bresina v. Ace Paving Co., Inc.*, 89 Wn. App. 277, 282, 948 P.2d 870 (1997), we assumed the validity of the *Sidis* dictum: that a plaintiff can toll the period for suing an unnamed defendant by timely filing and serving a named defendant, if the plaintiff identifies the unnamed defendant with "reasonable particularity" before the period for filing suit expires. We noted that "reasonable particularity" depends on a variety of factors, including the "nature of the plaintiff's opportunity to identify and accurately name the unnamed defendant." *Bresina*, 89 Wn. App. at 282. Applying this principle, we held that Bresina had not met its requirements.

The plaintiff in *Bresina* identified the unnamed defendant as "ABC CORPORATION, whose true identity is unknown," while alleging in her complaint that "ABC CORPORATION . . . may have the same responsibilities described in paragraph III above." *Bresina*, 89 Wn. App. at 279. The *Bresina* Court concluded that merely naming "ABC Corporation" after three years in which to ascertain the party's true name, "did not involve a degree of particularity that was reasonable." *Bresina*, 89 Wn. App. at 282. Therefore, "the trial court did not err by ruling that the statute of limitation was not tolled." *Bresina*, 89 Wn. App. at 282.

In contrast to the lack of particularity observed in *Bresina*, Powers's original complaint did not merely name a John Doe without distinguishing him from the named defendants. Rather, Powers's complaint specified that "John Doe One" referred to the "builder of the handicap access ramp." CP at 186. This ably described the role of the unnamed defendant as it related to the lawsuit and distinguished it from the named defendants. Under *Bresina*, Powers identified the unnamed defendant with reasonable particularity before the three-year statute of limitations expired.

6

The *Sidis* dictum, as applied by *Bresina*, also requires that at least one of the named defendants be served in a timely manner. In *Bresina*, 89 Wn. App. at 279, at least one of the named defendants was served within the three-year statute of limitations, which did not occur here. However, *Sidis* required only that one of the defendants be served *within the 90-day period* to toll the statute against all defendants, consistently with the requirement of RCW 4.16.170 that "one or more of the defendants" be served within 90 days of filing. *Sidis*, 117 Wn.2d at 329-32. The *Sidis* dictum, and *Bresina*'s application of it, must be read consistently with this core holding of *Sidis*.

Powers filed suit against Premier Communities, Pacific Mobile Structures, and John Doe One, described as carrying out the role of W.B. Mobile, within the three-year statute of limitations. Powers served Premier Communities and Pacific Mobile Structures within 90 days of filing. Under RCW 4.16.170, as interpreted by *Sidis* and *Bresina*, this tolled the statute of limitations against W.B. Mobile.

## III. CR 15(c)

With our decision that Powers's claim against W.B. Mobile was timely under RCW 4.16.170, we do not reach the separate question whether the amended complaint related back to the date of the initial complaint under CR 15(c).

7

No. 42797-4-II

## IV. CONCLUSION

We reverse and remand for trial on the merits.

BJORGEN, J.

We concur:

HUNT, P.J.

PENOYAR, J.

8