# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PHIL LARSON,<br><br>               Appellant,<br><br>   v.<br><br>JARRITOS, INC., TIPP ENTERPRISES, INC.<br>dba NOVAMEX,<br><br>               Respondents,<br><br>   and<br><br>WINCO FOODS, LLC,<br><br>               Defendant Below. | No. 53900-4-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, J. – Phil Larson appeals the superior court orders granting Jarritos, Inc.'s and Tipp Enterprises, Inc.'s (the Respondents) motions to dismiss his tort claims against them with prejudice.[1] Larson argues that the superior court erred when it concluded that Larson failed to file his complaint before the statute of limitations had run because he did not file the "Case Information Cover Sheet" required under Superior Court Administrative Rule (AR) 2 with the complaint and summons. Larson also argues that the superior court applied the wrong statute of limitations because the statute of limitations had tolled (1) under the discovery rule, (2) because the

---

[1] The superior court also dismissed Larson's claims against a third defendant, WinCo Foods, LLC. Larson and WinCo Foods stipulated to this dismissal, and Larson does not challenge the dismissal on appeal.

Respondents were non-resident entities that had failed to register as foreign entities with the Secretary of State, and (3) under RCW 4.16.180.

We hold that even assuming, without deciding, that the complaint was filed regardless of when Larson filed the AR 2 Case Information Cover Sheet, Larson fails to establish that the statute of limitations had tolled with respect to the Respondents. Accordingly, we affirm the orders dismissing Larson's claims against the Respondents. We also deny both parties' requests for attorney fees and expenses.

FACTS

I. ACCIDENT, FILING, SERVICE ON WINCO FOODS, AND DISMISSAL OF WINCO FOODS

On June 21, 2015, Larson was injured when an unopened bottle of a Jarritos soda product exploded in his hands in a WinCo Foods store. Larson suffered injuries to his face.

Three years later, on June 21, 2018, Larson submitted via Thurston County Superior Court's electronic filing system three summonses and a complaint against WinCo Foods and the Respondents.[2] Larson paid the filing fee that same day. In the complaint, Larson alleged (1) "design defect;" (2) "failure to warn or inadequate warnings;" (3) "unsafe construction of the product by the manufacturer;" and/or (4) "negligent transportation, storage and/or handling of the product." Clerk's Papers (CP) at 5. He also alleged breach of express and implied warranties by the manufacturer and the product seller.

The next day, June 22, the clerk's office staff notified Larson that it would not file the summonses and complaint until he submitted the AR 2 Case Information Cover Sheet. Larson filed

---

[2] Larson alleged that WinCo Foods was "the product seller," that Jarritos was "the product manufacturer," and that Tipp Enterprises was "the product distributor." CP at 4-5.

the Case Information Cover Sheet that day, and the clerk's office filed the summonses and complaint.

Larson served WinCo Foods with a summons and complaint within 90 days of filing the complaint. But, on March 29, 2019, the superior court entered a stipulated order dismissing the claims against WinCo Foods with prejudice. As of that date, Larson had not yet served the Respondents.

## II. ORDER DISMISSING CLAIMS AGAINST JARRITOS

In early May, Jarritos moved to dismiss Larson's claims against it. Jarritos argued that (1) Larson had filed the case after the statute of limitations had expired due to his failure to comply with AR 2, and (2), in the alternative, in light of WinCo Foods' dismissal Larson had failed to effectuate service within 90 days of filing the complaint.

On May 24, approximately 11 months after filing the complaint and almost two months after WinCo Foods' dismissal, Larson served the Respondents by substitute service via the Secretary of State.

Four days later, Larson objected to Jarritos' motion to dismiss. Larson argued that the summons and complaint were timely filed despite his failure to comply with AR 2. He also asserted that he had served the Respondents through the Secretary of State and that because the Respondents were foreign entities that were not properly registered with the Secretary of State "[i]t would be unconscionable to allow [Jarritos] to claim that service was untimely." *Id.* at 155. In oral argument, Larson later relied on RCW 4.16.180, asserting that the Respondents were either absent from the state or concealed.

The superior court concluded that Larson's complaint was not timely filed because Larson had not complied with AR 2 and, in the alternative, that RCW 4.16.180 did not toll the statute of limitations as to Jarritos. The court dismissed Larson's claims against Jarritos with prejudice.

### III. STIPULATED ORDER DISMISSING CLAIMS AGAINST TIPP ENTERPRISES

After the superior court dismissed the claims against Jarritos, Tipp Enterprises filed a motion to dismiss. Tipp Enterprises asserted that, as was the case with the claims against Jarritos, Larson had filed his claims after the statute of limitations expired. Tipp also asserted that it had not been timely served, noting that it had been served via the Secretary of State on May 24, 2019, 336 days after the case was filed.

The parties agreed to stipulate to an order dismissing the claims against Tipp Enterprises in light of the dismissal of claims against Jarritos. A court commissioner entered a stipulated ex parte order dismissing the claims against Tipp Enterprises. This order preserved Larson's right to appeal.

Larson appeals the orders dismissing the claims against Jarritos and Tipp Enterprises.

### ANALYSIS

Larson appeals the superior court's orders dismissing the Respondents on statute of limitations grounds. "We review a trial court's decision to dismiss a case on statute of limitations grounds de novo." *In re Parentage of Q.A.L.*, 146 Wn. App. 631, 634-35, 191 P.3d 934 (2008).

Larson argues that the superior court erred when it concluded that he failed to file the complaint before the statute of limitations had run because he omitted the AR 2 Case Information Cover Sheet. Larson further argues that the superior court applied the wrong statute of limitations to his claims against the Respondents because the statute of limitations had tolled (1) under RCW

7.72.060(3)'s discovery rule, (2) due to the Respondents' failures to register as foreign entities with the Secretary of State, and (3) under RCW 4.16.180.

Even assuming, but not deciding, that Larson timely filed the complaint despite his failure to file the AR 2 Case Information Cover Sheet before the statute of limitations ran, Larson fails to show that the statute of limitations was tolled as to the Respondents. Accordingly, we affirm.

## I. LEGAL PRINCIPLES

"Under RCW 4.16.170, service of process on one defendant tolls the statute of limitations as to unserved defendants." *Powers v. W.B. Mobile Servs., Inc.*, 182 Wn.2d 159, 164, 339 P.3d 173 (2014). But "[a] plaintiff who fails to serve each defendant risks losing the right to proceed against unserved defendants if the served defendant is dismissed." *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 329-30, 815 P.2d 781 (1991).

Thus, if we presume for the sake of argument that the summonses and complaint were timely filed, the statute of limitations was initially tolled as to the Respondents when Larson served WinCo Foods within 90 days of Larson's filing of the summonses and complaint. But when WinCo Foods was dismissed before Larson served either of the Respondents, Larson lost the right to proceed against the unserved parties, the Respondents, unless he can show that the statute of limitations was somehow tolled as to the Respondents.

## II. DISCOVERY RULE ARGUMENT

Citing RCW 7.72.060(3), *North Coast Air Services, Ltd. v. Grumman Corp.*, 111 Wn.2d 315, 759 P.2d 405 (1988), and *Orear v. International Paint Co.*, 59 Wn. App. 249, 796 P.2d 759 (1991), Larson argues that under the discovery rule, the superior court applied the wrong statute

of limitations to his "product liability claims" against the Respondents. Br. of Appellant at 8. This argument fails.

Larson argues that the statute of limitations for his product liability claims did not start running until he discovered or, in the exercise of due diligence should have discovered, the factual causal relationship of the product to the harm or the party responsible for the injury. He contends that he did not identify "the true cause" of his injuries as a "product defect" until "shortly before" WinCo Foods' dismissal in April 2019. Br. of Appellant at 11. Thus, he asserts that the statute of limitations as to his product defect claims did not start to run until April 2019.

Larson is correct that the statute of limitations does not start to run in a product liability case until the plaintiff discovers, "or in the exercise of due diligence should have discovered, a factual causal relationship of the product to the harm" or the identity of the party who is responsible for the injury. *North Coast Air*, 111 Wn.2d at 319; *Orear*, 59 Wn. App. at 257; RCW 7.72.060(3).[3] But, even presuming that Larson preserved this argument for review,[4] Larson did not make this same argument in the superior court, so there is nothing in the record establishing when he had access to facts supporting a claim of "product defect" against the Respondents or whether he exercised due diligence in discovering these facts. In fact, the complaint itself belies his assertion that he did not have sufficient information until April 2019 because the June 2018 complaint

---

[3] RCW 7.72.060(3) provides,

> Statute of limitation. Subject to the applicable provisions of chapter 4.16 RCW pertaining to the tolling and extension of any statute of limitation, no claim under this chapter may be brought more than three years from the time the claimant discovered or in the exercise of due diligence should have discovered the harm and its cause.

[4] RAP 2.5(a).

specifically alleges claims for "design defect" and "unsafe construction of the product by the manufacturer" against the Respondents. CP at 5. Because the record does not establish when Larson had access to the facts supporting his claims against Respondents or that he exercised due diligence in obtaining these facts, this argument fails.[5]

### III. FAILURE TO REGISTER AS FOREIGN ENTITIES ARGUMENT

Larson also contends, as he did in his objection to Jarritos' motion to dismiss, that all of his claims were timely as to the Respondents because neither of the Respondents "are properly registered as foreign entities with the State of Washington Secretary of State" under RCW 23.95.405, which would have ensured proper service. Br. of Appellant at 11-12. He asserts that because the Respondents' failures to obtain authorization to transact business in the state constitute gross misdemeanors under RCW 9.24.040, "it would be unconscionable to allow either Respondent to claim that service was untimely when they failed to follow state law in registering as a foreign entity and appointing an agent within the state for service of process." *Id.* at 13.

But Larson cites no authority establishing that a failure to register as a foreign entity and appoint an agent tolls the statute of limitations.[6] And the conclusion that it does would appear to be inconsistent with RCW 23.95.505(6)(c), which provides: "The failure of a foreign entity to

---

[5] We note that in support of part of their argument addressing the statute of limitations, the Respondents cite the unpublished case *Padilla v. Merchandising Inventives, Inc.*, noted at 126 Wn. App. 1050 (2005). *Padilla* was issued before March 1, 2013. Thus, the Respondents' citation of this unpublished case does not comply with GR 14.1(a), and we do not consider this case.

[6] "[I]f a party does not provide a citation to support an asserted proposition, courts may 'assume that counsel, after diligent search, has found [no supporting authority].'" *State v. Arredondo*, 188 Wn.2d 244, 262, 394 P.3d 348 (2017) (second alteration in original) (internal quotation marks omitted) (quoting *State v. Young*, 89 Wn.2d 613, 625, 574 P.2d 1171 (1978)).

register to do business in this state *does not . . .* preclude the foreign entity from defending an action or proceeding in this state." Furthermore, nothing in the record establishes whether either of the Respondents are, in fact, required to register as foreign entities under chapter 23.95 RCW.[7] *See* RCW 23.95.520 (listing "[a]ctivities of a foreign entity that do not constitute doing business in this state under" chapter 23.95 RCW, including activities such as "[s]elling through independent contractors," and "[d]oing business in interstate commerce."). Accordingly, this argument fails.

IV. RCW 4.16.180 ARGUMENT

Larson further suggests that the statute of limitations tolled as to all of his claims under RCW 4.16.180, which provides:

> If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself or herself, the time of his or her absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.

But Larson merely quotes RCW 4.16.180, he presents no argument regarding how this statute applies in this case.

We note that RCW 4.16.180 is intended to suspend the running of a statute of limitations in circumstances where the plaintiff would be unable to serve non-resident or concealed defendants. But if a defendant is subject to service under the long-arm statute, RCW 4.16.180 does not apply. *Summerrise v. Stephens*, 75 Wn.2d 808, 811, 454 P.2d 224 (1969). And nothing in the

---

[7] Larson merely asserts that the Respondents are not registered, something the Respondents admit. Larson does not establish that they were required to register.

record demonstrates that the Respondents were not subject to service under the long-arm statute or that the Respondents were concealed.

Larson does not establish that the statute of limitations was tolled and the superior court did not err in granting the Respondents' respective motions to dismiss.

## V. ATTORNEY FEES AND EXPENSES ON APPEAL

Larson requests reasonable attorney fees and expenses on appeal under "RAP 18.1, RAP 18.9 and applicable law." Br. of Appellant at 14. Because Larson is not the prevailing party and does not include any relevant argument as to why he would be entitled to sanctions under RAP 18.9, we deny his request.

Citing *MacKenzie v. Barthol*, 142 Wn. App. 235, 173 P.3d 980 (2007), and *Sharbono v. Universal Underwriters Insurance Co.*, 139 Wn. App. 383, 161 P.3d 406 (2007), the Respondents also request reasonable attorney fees and expenses on appeal. RAP 18.1 allows us to award a party reasonable attorney fees and expenses if applicable law grants the right to such recovery. But *Makenzie* addresses appellate costs and fees in dissolution proceedings,[8] and *Sharbono* addresses appellate costs fees under the Consumer Protection Act,[9] neither of which applies here. Because the Respondents do not cite any relevant law allowing us to award appellate fees and costs, we deny the Respondents' request for reasonable attorney fees and expenses. But because the Respondents are the substantially prevailing parties on appeal, we grant costs and statutory

---

[8] Chapter 26.09 RCW.

[9] Chapter 19.86 RCW.

No. 53900-4-II

attorney fees under RAP 14.2 and RAP 14.3. The amount awarded will be determined by our commissioner upon compliance with RAP 18.1.

CONCLUSION

We hold that even assuming, without deciding, that the complaint was filed despite Larson's failure to include the AR 2 Case Information Cover Sheet, Larson fails to establish that the statute of limitations tolled with respect to the Respondents. Accordingly, we affirm the orders dismissing Larson's claims against Jarritos and Tipp Enterprises. We also deny both parties' requests for reasonable appellate fees and expenses, but grant costs and statutory attorney fees under RAP 14.2 and RAP 14.3 to the Respondents as the prevailing parties upon compliance with RAP 18.1.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, J.
CRUSER, J.

We concur:

Worswick, J.
WORSWICK, J.

Lee, C.J.
LEE, C.J.

10