IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TERRY CRAWFORD, individually; TERRY CRAWFORD and SUSAN CRAWFORD, husband and wife and the marital community comprised thereof, | No. 85227-2-I |
| Appellants, | DIVISION ONE |
| v. | |
| NW HOME IMPROVEMENT AND REPAIR, a Washington Corporation, | UNPUBLISHED OPINION |
| Respondent, | |
| OLYMPIC SKYLINE ASSOCIATION OF APARTMENT OWNERS, a Washington Nonprofit Corporation; and TARGA REAL ESTATE SERVICES, a Washington Corporation, | |
| Defendants. | |

BOWMAN, J. — Terry and Susan Crawford (collectively Crawford) appeal a summary judgment order dismissing their personal injury claims against Northwest Home Improvement and Repair Inc. (NW Home). Crawford argues that the trial court erred by determining their claims are time barred because the complaint did not describe NW Home with "reasonable particularity" to toll the statute of limitations. We reverse and remand for further proceedings.

FACTS

In February 2017, NW Home contracted with Targa Real Estate Services Inc., an agent of Olympic Skyline Association of Apartment Owners (Olympic

Ass'n), to remove and replace two mailbox kiosks at the Olympic Skyline Condominiums (Olympic Condos).  On June 8, 2017, NW Home's owner Robert Kukay and several employees arrived at Olympic Condos to complete the work. Terry,[1] a United States Postal Service employee, arrived a few minutes later. Terry briefly spoke to the NW Home employees and then began removing the mailboxes' locks.  One of the locks jammed, and Terry began to pull on it.  The mailbox kiosk fell on top of him and pinned him against his mail truck.  Terry called for help and several men lifted the kiosk off him.

Soon after, Crawford hired an attorney.  On July 14, 2017, a case manager at the attorney's law firm called a representative of Olympic Condos, asking for information about the accident.  The representative told the case manager he "did not know anything about this incident and refused to disclose any further details."

On April 28, 2020, Crawford sued and timely served Olympic Ass'n.  The complaint also named as defendants "Doe Corporations" I and II.  The complaint described the incident and how it occurred.  It alleged that Doe Corporation II is "the Contractor hired by Defendant OLYMPIC [ASS'N] and/or Defendant DOE CORPORATION I, to conduct maintenance, repairs and/or construction work at the common property of Olympic [Condos]," and that Olympic Ass'n is obligated "to monitor and maintain the condition and integrity of the roadways, sidewalks and structures contained within, including all cluster mailboxes."  Crawford sought personal injury and loss of consortium damages.

---

[1] We refer to Terry Crawford by his first name when necessary for clarity.

Crawford served their first set of interrogatories and requests for production with the complaint, asking Olympic Ass'n "whether, on the date of the subject incident you retained a third party to conduct maintenance, repairs and/or construction work at the subject property commonly known as Olympic [Condos]." In August 2020, Olympic Ass'n answered that "[a] contractor from NW Home Improvement and Repair, Inc. was on site to replace the mailboxes" and provided Kukay's name and contact information. So, on December 2, 2020, "given the anticipated joinder of an additional defendant," Crawford and Olympic Ass'n jointly moved to continue the trial date for eight months, which the trial court granted. Then, on December 22, 2020, Crawford's attorney sent a certified letter to NW Home at Kukay's attention, informing him of the lawsuit, providing a copy of the complaint, and expressing their intention to add NW Home as a defendant.

On January 7, 2021, Crawford moved under CR 10(a)(2) to amend their complaint to name Targa for Doe Corporation I and NW Home for Doe Corporation II. The court denied the motion without prejudice because Crawford failed to provide proof of service to the attorney for Olympic Ass'n. Crawford renewed their motion on March 12, 2021, and the court granted it on March 26. Crawford filed their amended complaint on April 20, 2021.

On March 31, 2022, NW Home moved for summary judgment, arguing that Crawford did not timely assert their claims under RCW 4.16.080 and .170 and "Washington case law" because Crawford did not "identify [NW Home] with reasonable particularity" to toll the three-year statute of limitations, which expired

3

on June 8, 2020.  On May 5, 2022, the trial court granted NW Home's motion and dismissed Crawford's claims against it.

Crawford appeals.[2]

ANALYSIS

Crawford argues the trial court erred by dismissing their claims against NW Home as time-barred.  We agree.

We review orders on summary judgment de novo, engaging in the same inquiry as the trial court.  Kim v. Lakeside Adult Fam. Home, 185 Wn.2d 532, 547, 374 P.3d 121 (2016).  "Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Rublee v. Carrier Corp., 192 Wn.2d 190, 198, 428 P.3d 1207 (2018); CR 56(c).  We consider facts and inferences in a light most favorable to the nonmoving party.  Id. at 199.

Under RCW 4.16.170, service on one of two or more codefendants tolls the statutes of limitations as to unserved defendants.  Sidis v. Brodie/Dohrmann, Inc., 117 Wn.2d 325, 329, 815 P.2d 781 (1991).  In some cases, "if identified with reasonable particularity, 'John Doe' defendants may be appropriately 'named' " for purposes of RCW 4.16.170.  Id. at 331.

In Powers v. W.B. Mobile Services, Inc., 182 Wn.2d 159, 164, 339 P.3d 173 (2014), our Supreme Court had occasion to "build on" its holding in Sidis.  It explained that for a plaintiff to show that an unnamed defendant is identified with

_____

[2] Olympic Ass'n and Targa are not parties to this appeal.

4

"reasonable particularity," the plaintiff must show that

> (1)(a) from the commencement of the statute of limitations, the plaintiff made a diligent effort to identify the actual defendant given the information reasonably available to the plaintiff and (b) the plaintiff provided information about the unnamed defendant in the complaint to the greatest extent possible, including describing the unnamed defendant's acts and appearance and (2) the defendant had or should have received such notice of the action that it will not be prejudiced in maintaining a defense on the merits at the time when the placeholder for the defendant, such as "John Doe" or "ABC Corporation," is replaced with the defendant's actual name.

Id. at 164-65. The first prong is satisfied only when the plaintiff shows it made a "reasonable effort to identify an unnamed defendant and that actually naming the defendant was unreasonably difficult given the information available." Id. at 165.

In Powers, the plaintiff was injured while working at a residential construction site when a handicap access ramp platform collapsed. 182 Wn.2d at 161-62. Powers " 'tried to find out exactly who put the ramp together,' " including asking his employer, but his attempts failed. Id. at 162. Three years later and a few days before the statute of limitations ran, Powers timely sued Premier Communities Inc., the owner of the residential property, and Pacific Mobile Structures Inc., the contractor Premier hired to supply the ramp. Id. at 161-62. Because Powers could not identify the entity that built the ramp, he named "John Doe One" as the " 'builder of the handicap access ramp where the incident occurred.' " Id. at 162.

Two months after Powers filed his lawsuit, Premier sent a copy of the complaint to the builder of the access ramp but did not disclose the builder's identify to Powers. Powers, 182 Wn.2d at 162. Over a year after filing his complaint, Powers obtained a discovery response from Pacific identifying W.B.

5

Mobile Services Inc. as the builder and installer of the ramp. Id. at 163. Four months later, Powers moved to amend his complaint to replace John Doe One with W.B. Mobile. Id. W.B. Mobile then moved to dismiss the claim as time-barred, which the trial court granted. Id.

Division Two determined Powers timely moved to amend the complaint under RCW 4.16.170 and reversed and remanded to the trial court. Powers v. WB Mobile Servs., Inc., 177 Wn. App. 208, 215, 311 P.3d 58 (2013). The Supreme Court affirmed Division Two. Powers, 182 Wn.2d at 167. It held that Powers identified W.B. Mobile with "reasonable particularity" to toll the statute of limitations because he " 'tried to find out exactly who put the ramp together' " and provided information about W.B. Mobile in his complaint "to the greatest extent possible." Id. at 166. It noted that "actually naming W.B. Mobile in his complaint was unreasonably difficult given the information available because Power's attempts to ascertain the identity of W.B. Mobile were stymied by inaccurate information from his employer and the lack of an available record showing who installed the ramp." Id. And W.B. Mobile could not show prejudice because it received a copy of the complaint from Pacific within 90 days of the time Powers filed his complaint. Id. at 167. As a result, W.B. Mobile received timely notice of Power's claim and suffered no prejudice in maintaining its defense on the merits. Id.

Like the plaintiff in Powers, the facts here when viewed in the light most favorable to Crawford show that their complaint identified NW Home with reasonable particularity. Crawford tried to identify the company replacing the

mailboxes that fell on Terry. A month after the incident, a case manager at the law firm representing Crawford called a representative at Olympic Condos to get more information about the incident. But the representative told the case manager that they "did not know anything about this incident and refused to disclose any further details." As a result, naming NW Home in Crawford's complaint was unreasonably difficult. So, Crawford described the unknown defendant in their complaint to the greatest extent possible:

> Defendant DOE CORPORATION II is the business hired by Defendant OLYMPIC [ASS'N] and/or Defendant DOE CORPORATION I to manage maintenance, repairs and/or construction matters at the subject property on its behalf. As Defendant OLYMPIC [ASS'N]'s and/or Defendant DOE CORPORATION I's designated maintenance, repair and/or construction management entity, agent and/or representative, Defendant DOE CORPORATION II also has the obligation to monitor and maintain the condition and integrity of the roadways, sidewalks and structures contained within, including all cluster mailboxes.

Further, in April 2020, Crawford filed the complaint and their first set of interrogatories and requests for production, asking for information about the identity of Doe Corporation II. Olympic Ass'n responded and disclosed NW Home's identity on August 3, 2020. Then, on December 22, Crawford informed NW Home of the lawsuit and provided it with a copy of the complaint. And in January 2021, Crawford moved to amend the complaint to replace Doe Corporation II with NW Home.

NW Home argues that Crawford did not act diligently to identify it as a defendant. It suggests that Crawford could have asked the NW Home employees who were on-site the day of the accident to identify their employer.

But under Powers, a plaintiff must make a diligent effort to identify the actual defendant given the information reasonably available to the plaintiff, which Crawford did.  Olympic Ass'n stymied Crawford's attempt to learn NW Home's identity by refusing to discuss the case.  And NW Home identifies no other reasonably available source for the information.  Its suggestion that Crawford, immediately after allegedly sustaining an injury, should have questioned workers on the scene about the various contractual relationships of the parties is inherently unreasonable.

NW Home also argues that Crawford's identification of NW Home in their complaint is "inadequately vague" because NW Home did not have on ongoing contract with Olympic Ass'n to provide maintenance, repairs, or construction.  But Crawford knew nothing about the business relationship between Olympic Ass'n and NW Home.  And Crawford's complaint described Doe Corporation II as the business that has "the obligation to monitor and maintain the condition and integrity of . . . all cluster mailboxes."  That language, when read in context of the entire complaint, adequately describes the defendant as the business responsible to maintain the condition and integrity of the Olympic Condos cluster mailboxes—the source of his injury on June 8, 2017.

Finally, citing an order on summary judgment in Engelstein v. United States Department of Agriculture, No. C20-916 TSZ, 2022 WL 92981 (W.D. Wash. Jan. 10, 2022), NW Home argues that the "substantial passage of time" prejudiced it in its ability to defend against the lawsuit.  In Engelstein, the Western District held that a delay of nearly four years prejudiced a defendant to a

8

bicycle personal injury lawsuit because "it did not know the identity of the bicyclist, the type of bicycle, the bicyclist's actions, or why the accident occurred." Id. at *3.

This case is different. Kukay and other NW Home employees were present when the mailboxes injured Crawford. NW Home observed the mailbox kiosk and was aware of its condition and how the incident occurred. Further, Crawford amended their complaint just a few months after discovery began. And in anticipation of that motion to amend, they sent NW Home a copy of their complaint and moved to continue the trial date for eight months, which the trial court granted. NW Home offers no compelling explanation of how the delayed notice prejudiced their ability to maintain a defense.

Because Crawford timely served at least one named defendant and their complaint described NW Home with reasonable particularity, the statute of limitations was tolled as to NW Home. We reverse and remand for further proceedings.

Brennan, J

WE CONCUR:

Díaz, J.

Smith, C.J.

9