NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ENGELSTEIN, | No. 23-2612 |
| Plaintiff - Appellant, | D.C. No. 2:20-cv-00916-TSZ |
| v. | MEMORANDUM* |
| UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF TRANSPORTATION; UNITED STATES DEPARTMENT OF HIGHWAYS; UNITED STATES FEDERAL HIGHWAY ADMINISTRATION; WESTERN FEDERAL LANDS HIGHWAY DIVISION; OLD CASTLE PRECAST; OLD CASTLE INFRASTRUCTURE, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted January 15, 2025[**]
San Francisco, California

Before: H.A. THOMAS, MENDOZA, and DE ALBA, Circuit Judges.

David Engelstein appeals the district court's orders granting summary judgment in favor of OldCastle Precast, Inc. ("OldCastle"), and dismissing Engelstein's claims against the U.S. Defendants under the Federal Tort Claims Act ("FTCA").[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. "We review de novo a dismissal for lack of subject matter jurisdiction under the FTCA." *Sisto v. United States*, 8 F.4th 820, 824 (9th Cir. 2021) (quoting *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016)). The "independent-contractor" exception precludes liability against the U.S. Defendants under the FTCA. *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005); 28 U.S.C § 2671. The contracting parties expressly agreed that Active Construction, Inc. ("ACI") was an "independent contractor," not an "agent" or "employee" of the U.S. Defendants. Without "substantial supervision over the day-to-day operations of the contractor," having a project engineer onsite to conduct inspections and

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] "U.S. Defendants" includes the U.S. Department of Agriculture, U.S. Forest Service, U.S. Department of Transportation, U.S. Department of Highways, U.S. Federal Highway Administration ("FHWA"), and the Western Federal Lands Highway Division of the FHWA.

ensure compliance with the contract does not convert a contractor relationship into an employment one. *Autery*, 424 F.3d at 957 (quoting *Letnes v. United States*, 820 F.2d 1517, 1519 (9th Cir. 1987)); *see Ducey v. United States*, 713 F.2d 504, 516 (9th Cir. 1983). ACI, not the federal project engineer, was responsible for the day-to-day operations, including overseeing the grated culverts' design, manufacturing, and installation.[2,3]

2. "We review the district court's grant of summary judgment de novo." *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). Neither tolling nor the relation-back doctrine cure Engelstein's untimely service on OldCastle. First, Engelstein's deadline to serve cannot be tolled under *Powers v. W.B. Mobile Servs., Inc.*, 339 P.3d 173, 176 (Wash. 2014), because he did not make a diligent effort to identify unnamed defendant OldCastle. The original complaint also did not describe OldCastle's involvement as a grate manufacturer "to the greatest extent possible," *id.*, as it did not identify Doe defendants as subcontractors or manufacturers. And second, the Federal Rules of Civil Procedure do not allow for relation back where a "Doe" defendant is being replaced with a newly named defendant. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii) (requiring the named

---

[2] Engelstein fails to identify any nondelegable duty that belonged to the U.S. Defendants. *See Pettit v. Dwoskin*, 68 P.3d 1088, 1092 (Wash. App. 2003).

[3] "Because we affirm on [the "independent-contractor"] ground, we do not reach whether the suit is also barred by the discretionary-function exception in 28 U.S.C. § 2680(a)." *Autery*, 424 F.3d at 948.

defendant to have had constructive notice of the action during the Federal Rule of Civil Procedure 4(m) period "but for a mistake concerning the proper party's identity").

3. There was no abuse of discretion in the district court's evidentiary ruling, which "considered the admissible portions of the Gebhard Declaration and gave them the appropriate weight" based on the court's "doubts as to Gebhard's personal knowledge." *See Clare v. Clare*, 982 F.3d 1199, 1201 (9th Cir. 2020); *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012). Without additional facts establishing Gebhard's personal knowledge of Mike Niemi's employment for the U.S. Defendants, the district court was well within its discretion to accord less weight to Gebhard's statements regarding these facts. *See Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412–13 (9th Cir. 1995) (finding opposing counsel's declaration based on information and belief was entitled "no weight" since declarant did not have personal knowledge).

**AFFIRMED.**[4]

---

[4] We deny Engelstein's motion to certify to the Washington Supreme Court the question whether the U.S. Defendants owed him a nondelegable duty. Dkt. No. 71.